SCHNEIDER WALLACE
COTTRELL KONECKY LLP
JOHN J. NESTICO (*Pro Hac Vice*)
jnestico@schneiderwallace.com
2138 Harris Road
Charlotte, North Carolina 28211
Telephone: 510.740.2946
Facsimile: 415.421.7105

TODD M. SCHNEIDER (SBN: 158253)
JASON H. KIM (SBN: 220279)
JAMES A. BLOOM (SBN: 311051)
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
jbloom@schneiderwallace.com
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: 415.421.7100

Attorneys for Plaintiffs
JULIO C. ALAS et al.

GIBSON, DUNN & CRUTCHER LLP
ASHLEY E. JOHNSON (*Pro Hac Vice*)
AJohnson@gibsondunn.com
KARL G. NELSON (*Pro Hac Vice*)
KNelson@gibsondunn.com
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

JENNAFER M. TRYCK (SBN: 291088)
JTryck@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants
AT&T, INC., AT&T SERVICES, INC., and AT&T BENEFIT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. ALAS,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T, INC., AT&T SERVICES, INC., and AT&T BENEFIT PLAN INVESTMENT COMMITTEE,<br><br>    Defendants. | CASE NO. 2:17-cv-08106-SPG-RAO<br><br>**JOINT STATUS REPORT**<br><br>Status Conference: June 4, 2025<br><br>The Honorable Sherilyn Peace Garnett |

## I. BRIEF DESCRIPTION OF REMAINING CLAIMS

A. **Plaintiffs' Position**

1. **Prohibited transaction**—Whether Defendants caused the AT&T Retirement Savings Plan (the "Plan") to engage in a transaction with Fidelity Workplace Services, a party in interest to the Plan, for brokerage services in connection with the Plan's self-directed brokerage accounts, which is prohibited by ERISA § 406(a)(1)(C) and fails to satisfy the conditions for the exemption applicable to such transactions provided by ERISA § 408(b)(2).

2. **Prohibited transaction**—Whether Defendants caused the Plan to engage in a transaction with Fidelity Workplace Services, a party in interest to the Plan, to provide services in connection with other services being provided by Financial Engines, another service provider to the Plan, which is prohibited by ERISA § 406(a)(1)(C) and fails to satisfy the conditions for the exemption applicable to such transactions provided by ERISA § 408(b)(2).

3. **Breach of fiduciary duty of prudence**—Whether Defendants failed to prudently evaluate the total compensation Fidelity received in connection with services to the Plan by ignoring payments Fidelity was receiving from Financial Engines and through revenue sharing from mutual funds acquired through the Plan's self-directed brokerage accounts, causing the Plan to pay excessive and unreasonable compensation to Fidelity.

4. **Reporting Failure**—Whether Defendants failed to completely and accurately report Fidelity's indirect compensation from Financial Engines on the Plan's Annual report on Form 5500.

B. **Defendants' Position**

*Plaintiffs' Claims*: *First*, Plaintiffs' prohibited-transaction claim remains in the case, as the Ninth Circuit reversed and remanded on that claim, finding that "remand is necessary for the district court to consider § 408(b)(2)'s third requirement: whether Fidelity received no more than 'reasonable compensation' from all sources for the

services it provided the Plan." Dkt. 224 at 29. *Second*, Plaintiffs' duty-of-prudence claim remains in the case, as the Ninth Circuit reversed and remanded on that claim, directing this Court "to consider Plaintiffs' duty-of-prudence claim under the proper framework in the first instance." *Id.* at 38. *Third*, Plaintiffs' reporting claim remains live, in part, as the Ninth Circuit reversed in part and affirmed in part on that claim. Specifically, the Court found that "AT&T adequately reported the compensation from BrokerageLink." Dkt. 224 at 40. But it reversed this Court's judgment "regarding AT&T's reporting of the compensation from Financial Engines." *Id.* at 45. Accordingly, the reporting claim is live only to the extent it concerns reporting of compensation to Financial Engines.

*Defendants' Affirmative Defenses*: Pursuant to the Court's order, Dkt. 266, Defendants limit their statement to identifying only "affirmative" defenses, and preserve all other defenses.[1] Based on the Court's previous rulings,[2] the following affirmative defenses remain to be adjudicated: *First*, Defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations. *See* Dkt. 112 (Answer to Third Am. Compl.) at 51. *Second*, Defendants allege that Plaintiffs' prohibited transaction claims are barred by ERISA Section 408, 29 U.S.C. § 1108, and Department of Labor exemptions to prohibited transactions. *Id.* at 52. *Third*, Defendants allege that Plaintiffs' claims or those of class members are barred to the extent that the claimant executed a release of claims. *Id.*

---

[1] In addition to the affirmative defenses discussed herein, Defendants also have alleged that Plaintiffs have a variety of material infirmities in their case, including that the fees associated with the Plan were reasonable and properly disclosed, that Plaintiffs fail to allege any conduct that caused them or the Plan any harm, that any losses were not caused by Defendants' acts or omissions, and that the Plan's filings and disclosures were based on ERISA requirements, as commonly understood. *See* Dkt. 112 at 51–53.

[2] While Defendants continue to preserve all defenses asserted in their Answer, the Court has already ruled on some of those defenses, such as whether Defendants acted as fiduciaries, Dkt. 215, whether class certification is appropriate, Dkt. 158, and whether Plaintiffs lack standing, Dkt. 79.

## II. WHETHER EITHER PARTY OBJECTS TO THE RENEWED FILING OF CROSS MOTIONS FOR SUMMARY JUDGMENT.

**A.     Plaintiff's Position**

Plaintiffs have no objection to the renewed filing of cross motions for summary judgment, following the exchange of related expert reports and expert discovery.

**B.     Defendants' Position**

Defendants have no objection to the renewed filing of cross motions for summary judgment.

However, Defendants do object to Plaintiffs' proposal, made for the first time in their status report, to re-open expert discovery in this case. Discovery was closed long before Plaintiffs' appeal, and Plaintiffs have not even attempted to explain how they would satisfy the good cause standard required under Federal Rule 16(b)(4) to modify the Court's scheduling order and re-open discovery at this late juncture. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiffs had the opportunity to pursue discovery, including expert discovery, and made the strategic decision not to proffer any expert disclosures in this case. There is nothing in the Ninth Circuit's decision that invited further expert discovery (or any discovery), and it would be prejudicial to allow Plaintiff to engage in costly and burdensome expert discovery now, many years after discovery closed and only after the gaps in their case were highlighted through summary judgment briefing and on appeal. The case is ripe for review on summary judgment on the existing record.

## III. PROPOSED CASE SCHEDULE

**A.     Plaintiffs' Position**

If the Court chooses to set a briefing schedule now, Plaintiffs request that the Court enter a schedule as follows:

<u>Initial Expert Reports: August 6, 2025</u>

<u>Rebuttal Expert Reports: September 5, 2025</u>

<u>Close of Expert Discovery, including depos: October 3, 2025</u>

  Renewed Summary Judgment Motions: November 7, 2025

  Response Briefs: 30 days after Opening Briefs

  Reply Briefs: 21 days after Response briefs

**B. Defendants' Position**

  Defendants do not agree that the Court should reopen expert discovery in this case. *See supra,* Section II.B. Accordingly, Defendants object to Plaintiffs' proposed schedule to the extent it includes deadlines for belated expert discovery.

  Defendants propose the following schedule for renewed summary judgment briefing, which advances the dates for summary judgment by over three months:

  Renewed Summary Judgment Motions: July 18, 2025

  Response Briefs: 30 days after Opening Briefs

  Reply Briefs: 21 days after Response Briefs

Dated: May 28, 2025

/s/ *John J. Nestico*
JOHN J. NESTICO (*PRO HAC VICE*)
SCHNEIDER WALLACE COTTRELL KONECKY, LLP
2138 Harris Road
Charlotte, North Carolina 28211
Telephone: 510.740.2946
Facsimile: 415.421.7105
jnestico@schneiderwallace.com

Todd M. Schneider (SBN: 158253)
Jason H. Kim (SBN: 220279)
James A. Bloom (SBN: 311051)
SCHNEIDERWALLACE OTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com
jkim@schcneiderwallace.com
jbloom@schneiderwallacce.com

NATALIE LESSER
BERGER MONTAGUE PC
1818 MARKET STREET

```
                                    SUITE 3600
                                    Philadelphia, PA 19103
                                    Telephone: (215) 867-3079
                                    nlesser@bm.net

                                    ALEXANDRA K. PIAZZA
                                    BERGER MONTAGUE PC
                                    8241 LA MESA BLVD., SUITE A
                                    LA MESA, CA 91942
                                    Telephone: (215) 875-3063
                                    apiazza@bm.net

                                    ERIC LECHTZIN (SBN 248958)
                                    EDELSON LECHTZIN LLP
                                    411 South State Steet
                                    Suite N-300
                                    Newtown, PA 18940
                                    TELEPHONE: (215) 867-2399
                                    elechtzin@edelson-law.com

                                    Grant Joseph Savoy (SBN: 284077)
                                    Shoham J. Solouki (SBN: 278538)
                                    SOLOUKI | SAVOY, LLP
                                    316 W. 2nd Street, Suite 1200
                                    Los Angeles, California 90012
                                    Telephone: (213) 814-4940
                                    shoham@solouki.com

                                    Attorneys for Plaintiffs JULIO C. ALAS *et
                                    al.*
```

Dated: May 28, 2025                 */s/ Ashley E. Johnson*

JOINT STATUS REPORT            6            2:17-cv-08106-SPG-RAO

ASHLEY E. JOHNSON (*Pro Hac Vice*)
AJohnson@gibsondunn.com
KARL G. NELSON (*Pro Hac Vice*)
KNelson@gibsondunn.com
Gibson Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

JENNAFER M. TRYCK (SBN: 291088)
JTryck@gibsondunn.com
Gibson Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants AT&T INC., AT&T SERVICES, INC., and AT&T BENEFIT PLAN INVESTMENTCOMMITTEE

## SIGNATURE ATTESTATION

I hereby attest that, pursuant to Local Rule 5-4.3.4, all other signatories on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

DATED: May 28, 2025            SCHNEIDER WALLACE
                               COTTRELL KONECKY LLP

                               By: /s/*John J. Nestico*
                               JOHN J. NESTICO
                               Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of May 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing it to be electronically served on all attorneys of record.

May 28, 2025                                               */s/ John J. Nestico*
                                                                  John J. Nestico